Dear Ms. Charbonnet:
In your correspondence to this office requesting reconsideration of Attorney General Opinion 01-448 you relate that the underlying facts are now in dispute.
It is not the function of this office to speculate upon questions of fact.
As a matter of law, we would restate those statutes cited in Opinion 01-448, specifically, those definitions of the Dual Offficeholding and Dual Employment Laws pertaining to "part-time" and "full-time" appointive office. R.S. 42:62 (4) provides:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
R.S. 42:62 (5) provides:
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
R.S. 42:63 (C) prohibits one who is "holding an elective office in the government of this state" from also holding "full-time appointive office", but does not prohibit the concurrent holding of part-time appointive office. Again, while we reiterate the applicable law, it is beyond our authority to make the factual determination that the office is actually held on either a part-time or full-time basis.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
RPI:ams